**Carmel RUSSELLO, Plaintiff,**

v.

**GEORGE D. GRATSOS SHIPPING CO., Ltd., George D. Gratsos, Wilford & McKay, Inc., and Canadian Transport Co., Defendants.**

**GEORGE D. GRATSOS SHIPPING CO., Ltd., Third Party Plaintiff,**

v.

**CANADIAN TRANSPORT CO., Ltd., and International Terminal Operating Co., Inc., Third Party Defendants.**

**Civ. No. 14441.**

United States District Court
E. D. New York.

Oct. 26, 1959.

Giallorenzi & Cichanowicz, New York City, for defendant and third party plaintiff.

Symmers, Fish & Warner, New York City, for third party defendant, Canadian Transport Co., Ltd.

BRUCHHAUSEN, Chief Judge.

A third party defendant moves for summary judgment.

The plaintiff, a longshoreman in the employ of The Jarka Corporation, a stevedoring concern, brought this action against shipowners, the defendants Gratsos, for personal injuries allegedly sustained while working aboard the vessel SS Triton.

The defendant shipowners instituted a third party action against the time charterer of the vessel, the said Canadian Transport Co., Ltd., and the stevedoring concern, claiming indemnity against the alleged default of the stevedore.

Canadian contends that the relations between the shipowners are governed by the terms of the charter, a copy whereof has been submitted.

Canadian further urges that the provisions of the agreement are to the effect that it is absolved from liability for claims.

The shipowners claim that the agreement does not absolve Canadian from the duty of supplying a reasonably competent stevedore and that the breach of such duty entitles the shipowners to indemnity upon the theory of warranty or negligence.

The pertinent parts of the agreement are viz.:

"5. Charterers to pay cost of stevedoring, winchmen, tallying, weighing and cranage at ports of loading and discharging, also bags, bagging, separations and dunnage if required, but the Charterers shall not be in any way responsible for the acts or defaults of the Stevedores. * * *

"6. Charterers and Shippers not to be held responsible for improper

**160**

stowage, the Stevedores, although appointed by Charterers or their Agents, being under the Captain's direction and control. * * * "

Unless the contract be ambiguous, which it is not, its provisions govern. Furthermore, there is no basis for implying terms not contained therein. The shipowners have contracted to absolve Canadian for acts or defaults of the stevedores, without qualification.

The motion is granted.